James H. Hohenstein
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
Telephone: (212) 513-3200
Telefax: (212) 385-9010
Email: jim.hohenstein@hklaw.com
         lissa.schaupp@hklaw.com

Attorneys for Defendant,
AMERICAN PRESIDENT LINES, LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARTINES FRUITS & VEGETABLES, INC., a California Corporation,<br><br>                    Plaintiff,<br><br>        -against-<br><br>AMERICAN PRESIDENT LINES, LTD., a Delaware Corporation, ROBERT NAKO ENTERPRISES, INC., a California Corporation, dba YAMKO TRUCK LINES, and DOES 1 through 25, inclusive,<br><br>                  Defendants. | 07 Civ. 7082 (SAS)<br><br>**ANSWER** |

NOW COMES Defendant, American President Lines, Ltd. ("APL"), by and through its attorneys, Holland & Knight LLP, answering the Complaint of Plaintiff Martines Fruits & Vegetables, Inc., ("Plaintiff"), and respectfully states upon information and belief:

    1.    Admits that this is an admiralty and maritime claim within 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure with respect to the carriage of the subject cargo by sea and denies that this Court has subject matter jurisdiction as to the remaining aspects of

Plaintiff's claim. Admit that venue is proper in this Court pursuant to APL's standard Billing of Lading terms and conditions. The balance of the allegations in paragraph "1" of the Complaint are allegations of law and do not require an answer from APL, but to the extent an answer is required, such allegations are denied.

2.       Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "2" of the Complaint.

3.       Admits that APL is a Delaware Corporation, duly organized and existing under and by virtue of the laws of the State of Delaware, with a business address of 1111 Broadway, Oakland, CA, 94607. Admits that APL is in the business of shipping goods, including agricultural commodities, between foreign ports and ports within the United States and the State of California, and that APL conducts business in the State of California. The remaining allegations in paragraph "3" of the Complaint are allegations of law and do not require an answer from APL, but to the extent an answer is required, such allegations are denied.

4.       Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "4" of the Complaint.

5.       Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "5" of the Complaint.

## BILL OF LADING APLU  900032620

6.       Admits that on or about November 1, 2006, a cargo of peas was delivered to APL in Peru and that APL transported the cargo under bill of lading number APLU 900032620, from the Port of Callao, Peru to the Port of San Pedro, California. Denies the remaining allegations set forth in paragraph "6" of the Complaint.

2

7.     Admits that the cargo shipped under bill of lading number APLU 900032620 was loaded on the vessel APL Balboa (V032)[1] and denies the remaining allegations set forth in paragraph "7" of the Complaint.

8.     Admits that on or about November 14, 2006, the cargo shipped under bill of lading number APLU 900032620 arrived in San Pedro, California aboard the vessel APL Turqoise (V072). Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "8" of the Complaint.

9.     Admits that Plaintiff notified APL of alleged damage to the cargo and provided APL with the opportunity to inspect the alleged damage. Denies having knowledge or information sufficient to form a belief as to truth or falsity of the remaining allegations set forth in paragraph "9" of the Complaint.

10.     Denies that APL's handling of the cargo was the cause of the alleged damage to the cargo. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "10" of the Complaint.

11.     Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "11" of the Complaint.

12.     Denies the allegations set forth in paragraph "12" of the Complaint.

13.     Admits that APL refused Plaintiff's demands for payment for the cargo that was allegedly damaged. Denies the remaining allegations set forth in paragraph "13" of the Complaint.

### BILL OF LADING APLU  900032627

14.     Admits that on or about November 1, 2006, a cargo of peas was delivered to APL in Peru and that APL transported the cargo under bill of lading number APLU 900032627, from

---

[1] The use of the letter "V" simply refers to the particular voyage number for the referenced vessel.

3

the Port of Callao, Peru to the Port of San Pedro, California. Denies the remaining allegations set forth in paragraph "14" of the Complaint.

15.    Admits that the cargo shipped under bill of lading number APLU 900032627 was loaded on the vessel APL Balboa (V032) and denies the remaining allegations set forth in paragraph "15" of the Complaint.

16.    Admits that on or about November 14, 2006, the cargo shipped under bill of lading number APLU 90032627 arrived in San Pedro, California aboard the vessel APL Turqoise (V072). Denies having knowledge or information sufficient to form a belief as to truth or falsity of the remaining allegations set forth in paragraph "16" of the Complaint.

17.    Admits that Plaintiff notified APL of alleged damage to the cargo and provided APL with the opportunity to inspect the alleged damage. Denies that APL authorized Plaintiff to dispose of the entire shipment. Denies having knowledge or information sufficient to form a belief as to truth or falsity of the remaining allegations set forth in paragraph "17" of the Complaint.

18.    Denies that APL's handling of the cargo was the cause of the alleged damage to the cargo. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set in paragraph "18" of the Complaint.

19.    Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set in paragraph "19" of the Complaint.

20.    Denies the allegations set forth in paragraph "20" of the Complaint.

21.    Admits that APL refused Plaintiff's demands for payment for the cargo that was allegedly damaged. Denies the remaining allegations set forth in paragraph "21" of the Complaint.

4

## BILL OF LADING APLU 900032664

22.    Admits that on or about November 1, 2006, a cargo of peas was delivered to APL in Peru and that APL transported the cargo under bill of lading number APLU 900032664, from the Port of Callao, Peru to the Port of San Pedro, California.  Denies the remaining allegations set forth in paragraph "22" of the Complaint.

23.    Admits that the cargo shipped under bill of lading number APLU 900032664 was loaded on the vessel APL Balboa (V032) and denies the remaining allegations set forth in paragraph "23" of the Complaint.

24.    Admits that on or about November 14, 2006, the cargo shipped under bill of lading number APLU 900032664 arrived in San Pedro, California aboard the vessel APL Turqoise (V072).  Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph "24" of the Complaint.

25.    Admits that Plaintiff notified APL of alleged damage to the cargo and provided APL with the opportunity to inspect the alleged damage.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "25" of the Complaint.

26.    Denies that APL's handling of the cargo was the cause of the alleged damage to the cargo.  Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "26" of the Complaint.

27.    Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "27" of the Complaint.

28.    Denies the allegations set forth in paragraph "28" of the Complaint.

29.    Admits that APL refused Plaintiff's demands for payment for the cargo that was allegedly damaged.  Denies the remaining allegations set forth in paragraph "29" of the Complaint.

## BILL OF LADING APLU 900032677

30.    Admits that on or about November 1, 2006, a cargo of peas was delivered to APL in Peru and that APL transported the cargo under bill of lading number APLU 900032677, from the Port of Callao, Peru to the Port of San Pedro, California.  Denies the remaining allegations set forth in paragraph "30" of the Complaint.

31.    Admits that the cargo shipped under bill of lading number APLU 900032677 was loaded on the vessel APL Balboa (V032) and denies the remaining allegations set forth in paragraph "31" of the Complaint.

32.    Admits that on or about November 14, 2006, the cargo shipped under bill of lading number APLU 900032677 arrived in San Pedro, California aboard the vessel APL Turqoise (V072).  Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "32" of the Complaint.

33.    Admits that Plaintiff notified APL of alleged damage to the cargo and provided APL with the opportunity to inspect the alleged damage.  Denies that APL authorized Plaintiff to dispose of the entire shipment.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "33" of the Complaint.

34.    Denies that APL's handling of the cargo was the cause of the alleged damage to the cargo.  Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "34" of the Complaint.

35.     Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "35" of the Complaint.

36.     Denies the allegations set forth in paragraph "36" of the Complaint.

37.     Admits that APL refused Plaintiff's demands for payment for the cargo that was allegedly damaged.  Denies the remaining allegations set forth in paragraph "37" of the Complaint.

### BILL OF LADING APLU 900032678

38.     Admits that on or about November 8, 2006, a cargo of peas was delivered to APL in Peru and that APL transported the cargo under bill of lading number APLU 900032678, from the Port of Callao, Peru to the Port of San Pedro, California.  Denies the remaining allegations set forth in paragraph "38" of the Complaint.

39.     Admits that the cargo shipped under bill of lading number APLU 900032678 was loaded on the vessel APL Mendoza (V034) and denies the remaining allegations set forth in paragraph "39" of the Complaint.

40.     Admits that on or about November 21, 2006, the cargo shipped under bill of lading number APLU 900032678 arrived in San Pedro, California aboard the vessel MOL Ingenuity (V021).  Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "40" of the Complaint.

41.     Admits that Plaintiff notified APL of alleged damage to the cargo and provided APL with the opportunity to inspect the alleged damage.  Denies that APL authorized Plaintiff to dispose of the entire shipment.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "41" of the Complaint.

7

42.     Denies that APL's handling of the cargo was the cause of the alleged damage to the cargo. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "42" of the Complaint.

43.     Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "43" of the Complaint.

44.     Denies the allegations set forth in paragraph "44" of the Complaint.

45.     Admits that APL refused Plaintiff's demands for payment for the cargo that was allegedly damaged. Denies the remaining allegations set forth in paragraph "45" of the Complaint.

## OTHER FACTS

46.     Admits that some parts of the cargo shipments referenced herein were examined by a marine surveyor retained by APL, Captain Arun K. Jolly. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "46" of the Complaint.

47.     Admits the allegations set forth in paragraph "47" of the Complaint.

48.     Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "48" of the Complaint.

49.     Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "49" of the Complaint.

## FIRST CAUSE OF ACTION

50.     APL repeats and realleges each and every answer set forth above in paragraphs "1" through "49" as if set forth in full herein.

51.     Admits the allegations set forth in paragraph "51" of the Complaint.

52.    Admits the allegations set forth in paragraph "52" of the Complaint.

53.    Denies the allegations set forth in paragraph "53" of the Complaint.

54.    Denies the allegations set forth in paragraph "54" of the Complaint.

55.    Denies the allegations set forth in paragraph "55" of the Complaint.

56.    Denies the allegations set forth in paragraph "56" of the Complaint.

## SECOND CAUSE OF ACTION

57.    APL repeats and realleges each and every answer set forth above in paragraphs "1" through "63" as if set forth in full herein.

58.    Admits the allegations as set forth in paragraph "58" of the Complaint.

59.    Admits the allegations as set forth in paragraph "59" of the Complaint.

60.    Denies the allegations contained within paragraph "60" of the Complaint.

61.    Denies the allegations set forth in paragraph "61" of the Complaint.

62.    Denies the allegations set forth in paragraph "62" of the Complaint.

63.    Denies the allegations set forth in paragraph "63" of the Complaint.

## THIRD CAUSE OF ACTION

64-70.    The allegations comprising Plaintiff's third cause of action against Defendant Robert Nako Enterprises, Inc., d/b/a Yamko Truck Lines ("Yamko") do not require a response from APL.

## FOURTH CAUSE OF ACTION

71-75.    The allegations comprising Plaintiff's fourth cause of action against Defendant Yamko do not require a reponse from APL.

## FIFTH CAUSE OF ACTION

76-80. The allegations comprising Plaintiff's fifth cause of action against defendant Yamko do not require a response from APL.

## APL'S FIRST AFFIRMATIVE DEFENSE

81.     APL alleges, by way of an affirmative defense, that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Said shipments described in Plaintiff's Complaint were subject to all the terms, conditions and exceptions contained in bills of lading APLU 900032620, APLU 900032627, APLU 900032664, APLU 900032677, and APLU 900032678 by which Plaintiff agreed to be bound. Any shortage, loss or damage to the shipment, which APL specifically denies, was due to causes for which APL was not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act ("COGSA"), *reprinted in* note following 46 U.S.C. § 30701, (formerly 46 U.S.C. § 1301 *et seq.*), and/or the Harter Act, 46 U.S.C. §§ 30702-30707 (formerly 46 U.S.C. App. § 190 *et seq.,*) and/or the applicable APL tariffs and/or provisions of the APL bills of lading and/or the general maritime law of the United States.

## APL'S SECOND AFFIRMATIVE DEFENSE

82.     Any damage sustained or to be asserted by Plaintiff, which APL specifically denies, was a result of the negligence or recklessness of either Plaintiff and/or other parties over which APL has no control and/or for which APL cannot be held liable.

## APL'S THIRD AFFIRMATIVE DEFENSE

83.     As to Plaintiff's second cause of action, negligence against APL, there is a failure to state a claim upon which relief can be granted because Plaintiff's only cause of action against APL is under COGSA.

**PRAYER FOR RELIEF**

WHEREFORE, APL respectfully requests:

1.      The Complaint against APL be dismissed with prejudice and that judgment be

entered in favor of APL; and,

2.      For such other and further relief as the Court may deem just and proper.


Dated:          New York, New York
                September 24, 2007


                                        HOLLAND & KNIGHT LLP

                                   By: _____
                                        James H. Hohenstein
                                        Lissa D. Schaupp
                                        HOLLAND & KNIGHT LLP
                                        195 Broadway
                                        New York, New York 10007
                                        Telephone:  212-513-3200
                                        Telefax:  212-385-9010
                                        E-mail:  jim.hohenstein@hklaw.com
                                                 lissa.schaupp@hklaw.com


                                        Attorneys for Defendant,
                                        American President Lines, Ltd.

TO:
Lance N. Olitt, Esq.
Mandelbaum, Slasburg, Gold, Lazris, & Discenza, P.C.
155 Prospect Avenue
West Orange, New Jersey 07052


# 4809041_v1

## Certificate of Service

I hereby certify, pursuant to Title 28 U.S.C.§1746, that on Sept. 24, 2007, I   served a true and correct of the attached Answer, by "Notice of Electronic Filing" that is automatically generated by the court's Electronic Filing System and constitutes service of the filed documents on ECF users and by regular mail to:

**Lance N Olitt, Esq.**
**Mandelbaum, Slasburg, Gold,**
**Lazris & Discensa, P.C.**
**155 Prospect Avenue**
**West Orange, New Jersey 07052**

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 24, 2007.

Elvin Ramos